UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>TODD ELDON ALLARD, )<br>)<br>Defendant. ) | Criminal Action No. 5: 00-110-DCR<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Todd Allard pleaded guilty in 2000 to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and one count of brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Record No. 6] He was later sentenced to 572 months of imprisonment, followed by 5 years of supervised release. [Record No. 11] Allard is housed currently at a Federal Correctional Institution ("FCI") in Yazoo City, Mississippi.

Allard has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). [Record No. 16] In support, he claims that the conditions of his confinement constitute "cruel and unusual punishment" warranting relief. [*Id.* at p. 1] Specifically, he notes that the extensive lockdowns; shortages of food, staff, and medical supplies; risk of harm from other prisoners; and poor management at FCI Yazoo City make him eligible for compassionate release. [*Id.* at pp. 1-4] He also suggests that his advanced age entitles him to relief. [*Id.* at p. 1]

Under 18 U.S.C. § 3582(c), a court may reduce a defendant's sentence if: (1) it finds that "extraordinary and compelling reasons" support a reduction; (2) a reduction "is consistent with applicable policy statements issued by the [United States] Sentencing Commission"; and (3) the court considers "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable."[1] *United States v. Ruffin*, 978 F.3d 1000, 1004-05 (6th Cir. 2020) (citing *Id.*)). Compassionate-release motions may be denied "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Because section 3582(c) does not define what constitutes an extraordinary and compelling circumstance, district courts have "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *See United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020).

While this Court is not bound by the list of extraordinary and compelling circumstances in the Sentencing Guidelines in considering Allard's motion, the examples provided in the application notes to § 1B1.13 are instructive. The current guidelines state that an extraordinary and compelling circumstance exists, for example, when "[t]he defendant is suffering from a terminal illness . . . [or] from a serious physical or medical condition," or upon the "death or incapacitation of the caregiver of the defendant's minor child or children." United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 (U.S. Sent'g Comm'n 2022). By

---

[1] A sentencing court may reduce a defendant's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Allard has not indicated that he exhausted administrative remedies with the Bureau of Prisons but because the government has not disputed his compliance with procedural requirements the. Therefore, the Court will address his motion on the merits.

comparison, Allard has presented no circumstance that is similarly extraordinary as to entitle him to the relief he seeks.

"Generalized statements about the conditions of confinement do not constitute compelling reasons for compassionate release." *United States v. Farmer*, No. 19-cr-427, 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022) (finding that "months of lockdowns . . . and a lack of access to programming" in prison did not justify granting compassionate release to defendant). The lengthy lockdowns and limited programming at FCI Yazoo City are difficult, to be sure, but Allard's allegations do not warrant a departure from the general rule that "[c]ourts ought not to interfere with prison operations in the absence of constitutional deprivation." *United States v. Patino*, 452 F. Supp. 3d 705, 712 (E.D. Mich. 2020) (quoting *Vida v. Cage*, 385 F.2d 409, 409 (6th Cir. 1967)); *see also United States v. Ogle*, No. 15-cr-40042, 2022 WL 2307377, at *3 (S.D. Ill. June 27, 2022) (denying compassionate release for defendant alleging that limited phone calls, lack of visits, and restricted movement made "life harsh for prisoners," as the measures were reasonable restrictions taken by the prison). Moreover, because all the inmates at FCI Yazoo City presumably suffer from the same allegedly poor treatment, those conditions do not provide a reason why Allard specifically should be released. *See United States v. Peterson*, No. 1: 17-cr-20243, 2021 WL 2682819, at *3 (E.D. Mich., June 30, 2021) (finding that defendant's claims of restrictive confinement conditions did not warrant compassionate release because "many if not all of [the defendant's] fellow inmates must endure similar hardships").

To the extent Allard alleges that his treatment constitutes cruel and unusual punishment under the Eighth Amendment, such a claim would be best addressed in a civil lawsuit, rather than in a claim for relief pursuant to Section 3582(c). *See United States v. Myers*, No. 2: 17-

cr-117, 2021 WL 4812536, at *1 n.1 (E.D. Tenn. Oct. 14, 2021) ("The defendant also raises arguments pertaining to his conditions of confinement. Such claims might be cognizable, *see, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976), but they should be presented in a civil lawsuit in the prisoner's district of confinement after the exhaustion of administrative remedies."); *United States v. Quijada-Castillo*, No. 3:19-cr-20, 2021 WL 1930710, at *4 (W.D. Ky. May 13, 2021) ("Redress for cruel and unusual punishment is not properly sought under the First Step Act's compassionate release provision, as the statute does not contemplate a reduction in sentence or release to compensate for past governmental actions.").

Allard also mentions that he is 66 years old in his motion, suggesting that his advanced age should entitle him to some form of relief. [Record No. 16, p. 1] Sentencing Guidelines Section 1B1.13, although not binding, provides a helpful explanation of when a defendant's advanced age can constitute an extraordinary and compelling circumstance. Under section 1B1.13, compassionate release is warranted due to a defendant's advanced age when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment." Allard has established that he meets requirements 1 and 3 under the guidelines: he is 66 years old and has served over 10 years of his 572-month sentence. However, he has failed to allege that his advanced age has led to any physical or mental ailments, as is required under 1B1.13's second requirement. *See United States v. Davis*, No. CR-09-131, 2022 WL 901433, at *2-3 (D. Ariz. Mar. 28, 2022) (denying compassionate release for 70-year-old defendant with HIV, kidney disease, and obesity because he failed to show that he risked contracting a severe illness while incarcerated). Allard's advanced age alone does not entitle him to compassionate release.

Even if the Court found that Allard showed an extraordinary and compelling circumstance justifying release, granting his motion would not be consistent with statutory sentencing factors. Under 18 U.S.C. § 3553(a)(1)-(2), courts consider "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" and "to protect the public from further crimes of the defendant." Allard has a substantial criminal history, including approximately 10 prior criminal arrests. [Record No. 13, ¶¶ 81-92] The sentencing Court considered Allard's age when imposing a 572-month sentence, and to release Allard over 17 years prior to his anticipated release date of December 2040 would not give due weight to that earlier determination. [Record No. 11] Releasing Allard prematurely would neither reflect the seriousness of the offenses for which he is currently being incarcerated, nor promote deterrence under § 3553.

Accordingly, it is hereby

**ORDERED** that Defendant Todd Allard's motion for compassionate release [Record No. 16] is **DENIED**.

Dated: October 20, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky